UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN THOMAS GORDON,<br><br>Plaintiff,<br><br>v.<br><br>JIM COOPER, et al.,<br><br>Defendants. | No. 2:24-cv-2741 CSK P<br><br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S ALLEGATIONS

In his first claim, plaintiff alleges that on May 21, 2024, he received legal mail on the tablet the county jail provides inmates.  (ECF No. 1 at 3.)  Plaintiff contends this demonstrates that his legal mail was opened and scanned outside his presence, and claims it exposed his legal mail to any authority figure able to connect to plaintiff's tablet when checking it.  The legal mail that was opened was from the Superior Court but was first sent to Missouri where the hard copy was retained by defendant Securas Technologies, a company contracted by the Sheriff.  Plaintiff contends the information was very sensitive, containing his minor child's personal information and legal issues he is involved in.  Plaintiff also claims that defendant Securas Technologies "sent [his] legal mail back without opening it when noticing the Superior Court['s] return address."  (ECF No. 1 at 3.)  Plaintiff alleges such incidents violated his Fourteenth Amendment rights to due process and equal protection.

In his second claim, plaintiff states that on November 1, 2023, defendant Cooper implemented the new mail policy.  Plaintiff contends that defendant Securas Technologies' digital mail centers should have been trained on legal mail rights and protections.  Plaintiff claims child privacy is extremely protected and alleges defendant Cooper put plaintiff's family in danger by exposing plaintiff's legal mail concerning his minor child.  Plaintiff alleges this is not the first time this has happened.  Plaintiff contends this policy is a threat to his safety in violation of his Fourteenth Amendment rights to due process and equal protection.

Plaintiff seeks money damages and an order removing defendant Cooper's policy.

III.    DISCUSSION

Plaintiff characterizes his claim as falling under the Fourteenth Amendment, but his claims concerning legal mail are evaluated under the First Amendment.  The Ninth Circuit

"recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). However, under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."). Non-legal mail may be opened outside of the presence of an inmate. Hayes, 849 F.3d at 1211 (upholding dismissal of claims for opening of non-legal mail). Here, plaintiff specifically identifies the mail at issue as a letter or letters from the Superior Court. Such mail is not considered "legal mail" because documents on file with the courts are matters of public record. Thus, plaintiff cannot state a cognizable claim based on the alleged opening of mail from the Superior Court outside of plaintiff's presence.

Plaintiff also claims that defendant Securas Technologies returned plaintiff's mail from the Superior Court without opening it. (ECF No. 1 at 3.) Such allegation does not clarify which piece of mail (if there was more than one) was returned. It is also unclear whether plaintiff is claiming that he received the mail unopened, or whether it was returned to the Superior Court. And, if the mail was returned to the Superior Court unopened, plaintiff does not explain how he knew the mail had been returned unopened.

Plaintiff's returned mail claim is too vague to determine whether plaintiff could state a viable First Amendment access to the courts claim. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, to state a viable claim for relief, plaintiff must show that he suffered an actual injury, which requires "actual prejudice . . . to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S. Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415 (2002). Here, plaintiff does not allege that he sustained an actual injury as a result of his Superior Court mail being returned.

Plaintiff's Equal Protection claim also fails. "The Equal Protection Clause requires the State to treat all similarly situated people equally." Hartmann v. California Dep't of Corr. &

Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)). "This does not mean, however, that all prisoners must receive identical treatment and resources." Hartmann, 707 F.3d at 1123 (citations omitted). "To prevail on an Equal Protection claim brought under § 1983, plaintiff must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." Id. (citations and internal quotations omitted). In the alternative, plaintiff must allege that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

Here, plaintiff does not allege facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Rather, plaintiff alleges that all inmate mail is handled through defendant Securas Technologies. Therefore, plaintiff fails to state a claim for relief for violation of his right to equal protection.

Finally, plaintiff's allegations concerning a threat to safety are not sufficiently pled. Plaintiff fails to demonstrate how information contained in a matter of public record presents a threat to his safety or the safety of his minor child.

The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The Court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The Court will, however, grant leave to file an amended complaint.

IV.     LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of the Sacramento County Jail filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  October 23, 2024

                                                                            CHI SOO KIM
                                                                            UNITED STATES MAGISTRATE JUDGE

/1/gord2741.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN THOMAS GORDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JIM COOPER, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-2741 CSK P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐　　Amended Complaint
　　　(Check this box if submitting an Amended Complaint)

DATED:

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Plaintiff

1