UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN THOMAS GORDON,<br><br>Plaintiff,<br><br>v.<br><br>JIM COOPER, et al.,<br><br>Defendants. | No. 2:24-cv-2741 CSK P<br><br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint ("FAC") is before the Court.

As discussed below, plaintiff's FAC is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     LEGAL STANDARD FOR COUNTY LIABILITY

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). To establish municipal liability, plaintiff must allege facts showing that "(1) [he] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate

indifference to his constitutional right; and (4) 'the policy is the moving force behind the constitutional violation.'" Gordon v. County of Orange, 6 F.4th 961, 973 (9th Cir. 2021) (quoting Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011)).  There must be "a direct causal link between municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).  "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691.

Plaintiff can establish liability where the county acted in accordance with "an expressly adopted official policy" or (2) a "longstanding practice or custom." Gordon, 6 F.4th at 973 (quoting Thomas v. County of Riverside, 763 F.3d 1167, 1170 (9th Cir. 2014)).  The county may also be liable when the violation was committed by "an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." Gordon, 6 F.4th at 974 (internal quotation marks and citation omitted).  "Proof of random acts or isolated events is insufficient to establish custom," Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1995) (citations omitted), but it may be shown by "repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded," Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992).

III.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges defendant Jim Cooper violated plaintiff's First Amendment rights by changing and implementing the policies for handling inmate mail, which resulted in plaintiff's legal mail being sent out of state and opened by unidentified individuals without the credentials to handle inmates' legal mail.  (ECF No. 15 at 1.)  Plaintiff objects that legal mail is to be personally delivered by jail deputies and each piece of mail is signed for and logged and opened only in the presence of the inmate.  Plaintiff states that he represents himself, pro per, in the criminal matter against him, and receives several pieces of legal mail weekly that is properly marked as legal mail and identified as coming from the Superior Court of California.  (Id. at 2.)

Specifically, plaintiff alleges that on May 21, 2024, plaintiff received legal mail on his tablet.  (Id. at 1.)  Plaintiff alleges the May 21, 2024 piece of legal mail that was opened and

scanned by a Securus Technologies employee "was marked and identified as legal mail coming from the 'superior court.'"[1] (Id. at 2.) Plaintiff contends that this piece of legal mail was his "minor child's legal matters which are protected and would not become public record" because he is a minor. (Id.) Plaintiff objects that the scanning of this mail violated his and his child's right to privacy and due process because the information "is sensitive and should not have been opened by the jail's third party contractor." (Id.) (citing Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006) ("a "pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes communication protected by the right to free speech.")).

Plaintiff alleges that Securus Technologies, as agent for the Sacramento County Sheriff's Department, has a duty and responsibility to know the law and the jail's policy in handling all mail, and Securus should have immediately returned plaintiff's legal mail to the Sacramento County Jail and not opened or scanned it into an unsecured tablet which plaintiff claims can be viewed by any deputy at any time. (ECF No. 15 at 3.) Plaintiff argues that the mishandling of this May 21, 2024 piece of legal mail was not a "mistake," because this has happened before: on November 27, 2023, plaintiff's legal mail was opened and displayed on his tablet. (Id. at 4.) Plaintiff was told this would not happen again, but it did, again violating plaintiff's "privacy and due process." (Id.)

Plaintiff seeks an injunction prohibiting the Sacramento County Jail from using third party mailing; in the alternative, plaintiff seeks training and restrictions on the policy with Securus Technologies. (Id. at 5.) Plaintiff also seeks money damages. (Id.)

///

///

---

[1] "On November 1, 2023, the Sacramento County Sheriff's Office" implemented a "new incarcerated person mail policy" and began "using SECURUS Digital Mail Center for processing correspondence sent through the U.S. Mail." https://www.sacsheriff.com/inmateinformation/, <accessed Apr. 29, 2025>. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). In the FAC, plaintiff named "Securas Technologies" as a defendant. The Court uses the "Securus" spelling.

IV. DISCUSSION

A. First Amendment Claim

As plaintiff was previously informed, claims concerning the handling of mail fall squarely within the First Amendment.

Prisoners "enjoy[ ] a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). In addition, "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). However, under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."). Non-legal mail may be opened outside of the presence of an inmate. Hayes, 849 F.3d at 1211 (upholding dismissal of claims for opening of non-legal mail). Legal mail between the prisoner and his lawyer is also protected by the Sixth Amendment. Mangiaracina v. Penzone, 849 F.3d 1191, 1196 (9th Cir. 2017).

Plaintiff's FAC again fails to state a cognizable First Amendment claim because he fails to allege facts demonstrating that mail between him and his attorney was wrongfully opened. Rather, plaintiff alleges that the May 21, 2024 mail from the superior court was not properly treated as legal mail because it was scanned into plaintiff's tablet by Securus Technologies personnel. But, as explained above, under federal law, mail is only considered "legal mail" that must be opened in the prisoner's presence if the mail is between an attorney and the prisoner. This Court is bound by the Ninth Circuit's definition of "legal mail." Keenan, 83 F.3d at 1094. Thus, the May 21, 2024 mail from the superior court to plaintiff does not constitute "legal mail" for purposes of bringing a federal civil rights action.

As for the November 27, 2023 mail, plaintiff does not identify the mail's sender. As a result, the Court is unable to determine whether this piece of mail constitutes "legal mail" as defined under federal law. But it does not appear the mail came from his attorney because plaintiff states that he is representing himself in his criminal case. (ECF No. 15 at 2.)

1   Finally, even if plaintiff demonstrated a violation of his First Amendment rights, his
2   challenge to the Jail's policy of having Securus Technologies handle prisoner mail fails.  To state
3   a claim, plaintiff must show that a jail policy, practice, or custom caused the violation of his
4   rights, as opposed to the independent conduct of the officers involved.  See Navarro, 72 F.3d at
5   714 ("Proof of random acts or isolated events is insufficient to establish custom." (citation
6   omitted)).  The alleged wrongful handling of plaintiff's legal mail on two occasions does not
7   demonstrate that it was the County's policy that caused the violation, rather than mishandling by
8   a staff person at Securus Technologies.  Further, plaintiff includes no facts indicating such
9   treatment is so regular it constitutes a custom as opposed to two isolated occurrences occurring
10  over a five and a half month period.

11  Because plaintiff's FAC fails to state a cognizable First Amendment claim, the FAC must
12  be dismissed.  While it does not appear that plaintiff can amend to state a cognizable First
13  Amendment claim, in an abundance of caution, plaintiff is provided one final opportunity to
14  amend.

15  B.  Potential Privacy Claim

16  Plaintiff's passing references to violations of privacy are insufficient to determine whether
17  plaintiff can state a cognizable claim.  Plaintiff claims that the May 24, 2024 piece of mail from
18  the "Superior Court of Sacramento" involved his "minor child's legal matters which are protected
19  and would not become public record" because he is a minor.  (ECF No. 15 at 2.)  However,
20  plaintiff acknowledges that the mail was sent from the state superior court, which suggests that
21  the document was a matter of public record, no matter its content.  It was not sent from the
22  juvenile court.  Further, courts generally seal confidential information, particularly confidential
23  juvenile records.  Moreover, plaintiff's reference to his minor child's "legal matters" is too vague
24  and conclusory to properly evaluate the proposed claim.

25  Finally, plaintiff is advised that it is not clearly established that there is a federal
26  constitutional privacy right in juvenile records.  See, e.g., Nunes v. Arata, Swingle, Van Egmond
27  & Goodwin (PLC), 983 F.3d 1108, 1113-14 (9th Cir. 2020) (holding that the "opaque opinion" in
28  Gonzalez v. Spencer, 336 F.3d 832, 835 (9th Cir. 2003), did not clearly establish a constitutional

right to privacy in juvenile records); A.C. v. Cortez, 398 F. Supp. 3d 748, 752 (S.D. Cal. 2019) (finding no constitutionally protected right of privacy in juvenile records); Rigsby v. Cnty. of L.A., 531 F. App'x 811, 812 (9th Cir. 2013) (holding social workers entitled to qualified immunity because there was no clearly established constitutional "right to privacy" for juvenile records even when disclosed to third parties). Rather, California state law addresses the handling of confidential juvenile records. Cal. Welf. & Inst. Code § 827. California Welfare & Institutions Code section 827 governs the dissemination, accessing and copying of juvenile case records and controls over any local rule, regulation, or blanket order. Id. Section 827(a)(3) excludes confidential documents from access otherwise granted under section 827(a)(1). Id.

V.   LEAVE TO AMEND

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the second amended complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.  DEFENDANT COOPER'S REQUEST

On October 24, 2024, defendant Cooper filed a notice of appearance, and on December 17, 2024, filed a request for screening. (ECF Nos. 8, 16.) In light of this order, defendant's request is denied as moot. If plaintiff chooses to file a second amended complaint, defendant Cooper is relieved from filing any responsive pleading until further order of the Court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant Cooper's request for screening (ECF No. 16) is denied as moot.

2. Plaintiff's amended complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 30, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/gord2741.14b

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN THOMAS GORDON,<br><br>  Plaintiff,<br><br>  v.<br><br>JIM COOPER, et al.,<br><br>  Defendants. | No. 2:24-cv-2741 CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Second Amended Complaint
(Check this box if submitting a Second Amended Complaint)

DATED:

_____
Plaintiff

1